UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

GLENN M. HULSE,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

Case No.: _____

## COMPLAINT

Plaintiff, Glenn M. Hulse, by counsel, submits this Complaint and moves this Court for judgment against Defendant, United States of America, on the grounds and for the reasons set forth below:

### PARTIES

1. Plaintiff is a resident of Fairfax County in the Commonwealth of Virginia.

2. This action is brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

### JURISDICTION AND VENUE

3. This Court maintains jurisdiction over this case pursuant to 28 U.S.C. § 1346(b)(1).

4. Pursuant to 28 U.S.C. § 2675(a), Plaintiff properly and timely submitted his claim by a Form SF 95. Over six months have passed since the claim was submitted.

5. Venue is proper pursuant to 28 U.S.C. § 1402(b) because some of the acts and omissions complained of occurred at Fort Belvoir Community Hospital, which is located within this judicial district, and because Plaintiff resides within this judicial district.

## FACTS

6. On June 28, 2018, Plaintiff presented to the Inova Emergency Care Lorton Healthplex with complaints of abdominal pain.

7. Diagnostic studies were performed, which were compatible with Plaintiff having a small bowel obstruction.

8. In the early hours of June 29, 2018, Plaintiff was transferred to Fort Belvoir Community Hospital.

9. Plaintiff was evaluated by Dr. Khristina Hoover, surgeon, who diagnosed a small bowel obstruction.

10. Dr. Hoover decided to perform an exploratory laparoscopy to treat the small bowel obstruction.

11. CRNA Richard Culley was assigned as the anesthesia provider for the surgery.

12. CRNA Culley planned to perform a rapid sequence intubation ("RSI") on Plaintiff.

13. At 04:17, CRNA Culley performed induction.

14. Immediately after induction, Plaintiff regurgitated particulates and bilious fluid.

15. Plaintiff aspirated the particulates and bilious fluid.

16. CRNA Culley performed some suction and mask-ventilated Plaintiff.

17. CRNA Culley was not able to complete intubation until 04:21.

18. In the period of time shortly after intubation, Plaintiff's vital statistics, including his oxygen saturation and end-tidal CO2, were at dangerous levels.

19. The procedure began, and during the course of it, Dr. Hoover determined that she needed to convert the procedure to an open one.

20. CRNA Culley performed a bronchoscopy after intubation, which showed obvious food particles in the airway.

21. After the procedure was completed and Plaintiff was taken to the intensive-care unit, a toilet bronchoscopy was performed.

22. A large amount of food particles were removed from the endotracheal tree during the toilet bronchoscopy.

23. As a result of the aspiration described above, Plaintiff's respiratory condition deteriorated following surgery to the point where it was necessary to put him on mechanical ventilation.

24. Plaintiff was transferred to Inova Fairfax Hospital, where he was diagnosed with adult respiratory distress syndrome, acute respiratory failure with hypoxia, acute kidney injury, fungemia, neurological injury, and Enterobacter pneumonia in both lower lobes of his lungs secondary to infectious organism.

25. Plaintiff received extensive treatment at Inova, including the need of an ECMO machine.

26. After discharge from Inova on September 8, 2018, Plaintiff has continued to receive treatment for the serious damage to his organs sustained from the respiratory compromise.

## NEGLIGENCE

27. The allegations contained in the preceding paragraphs are incorporated.

28. Defendant's agents and employees, including CRNA Culley and the other individuals involved in the care of his airway, owed Plaintiff the duty to provide medical care that complied with the standard of care, that is, the care that should have been provided by a reasonably prudent provider under the circumstances of this case.

29. CRNA Culley and the other providers breached that duty and were negligent, including but not limited to in the following ways: failing to appropriately plan and manage the anesthesia treatment, failing to properly secure Plaintiff's airway, failing to properly intubate, failing to remove the food particles before operating, and failing to treat and manage Plaintiff during the procedure.

30. Defendant is liable for the negligence of CRNA Culley and the other providers under the doctrine of *respondeat superior*.

31. As a result of CRNA Culley's negligence, and the negligence of the other providers involved in his anesthesia treatment, Plaintiff sustained respiratory failure that led to the failure of his organs, as well as other serious injuries.

32. As a result of the negligence and injuries, Plaintiff incurred damages, including but not limited to past and future medical bills, lost wages, bodily injury, pain and suffering, inconvenience, and other damages recoverable at law.

## PRAYER FOR RELIEF

Plaintiff, Glenn M. Hulse, moves this Court for judgment against Defendant, United States of America, in the amount of five million dollars ($5,000,000.00), with costs incurred in bringing this case, post-judgment interest, and any other relief this Court deems just.

GLENN M. HULSE
By Counsel

FREI, MIMS & PERUSHEK, L.L.P.


| /s/ | Date: March 25, 2020 |

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
Telephone:  (703) 925-0500
Facsimile:   (703) 925-0501
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*